UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KEVIN MACK EMBRY, SR.                                                                PLAINTIFF

v.                                                          CIVIL ACTION NO. 3: 15-CV-00628-CRS

RUTH ANN HOLLAN, *et al*.                                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Mack Embry, Sr., alleged in his complaint a litany of claims against various defendants. This matter is now before the Court on Defendants J. Clark Baird, Buddy Stump, and Kenneth S. Jones' motions to dismiss. Baird moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction or Rule 12(b)(6) for failure to state a claim for which relief can be granted. Stump and Jones move to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Embry, *pro se*, has not opposed these motions. For the reasons stated below, the Court will grant these defendants' motions.

### STANDARD

Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally come in two varieties. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A factual attack occurs when the defendant challenges the factual existence of subject matter jurisdiction. On the other hand, as here, a facial attack on jurisdiction questions the pleading's sufficiency. *Id.*

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## DISCUSSION

1. J. Clark Baird

Baird moves to dismiss Embry's claim against him for lack of subject matter jurisdiction or for failure to state a claim for which relief can be granted. Embry alleges his grounds for filing a complaint against Baird include attorney malpractice for "False Criminal Complaints & Sex with Clients for Legal Fees." Compl. 1., ECF No. 1. As subject matter jurisdiction is a threshold determination, the Court will first assess whether Embry has proper subject matter jurisdiction to bring his claims against Baird. *See American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

Under 28 U.S.C. § 1332(a), this Court has original diversity jurisdiction where the suit is between "citizens of different states" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." According to Embry, all parties reside in the Western District of Kentucky. *See* Compl. 1 – 2. Therefore, this Court does not have subject matter jurisdiction based on diversity of citizenship.

This Court also has original jurisdiction over cases "arising under the … laws … of the United States." 28 U.S.C. § 1331. In determining whether a particular case arises under federal law, the Court determines whether a federal question necessarily appears in the plaintiff's complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A. § 1367(a).

Embry's allegation against Baird is for attorney malpractice. Claims for attorney malpractice generally arise under state law unless the claim somehow significantly impacts the federal system. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Embry does not allege any impact to the federal system. Furthermore, even assuming Embry's other claims raise a federal question, it is unclear from the complaint whether Embry's claim against Baird is so related to the other claims to form part of the same case or controversy. Hence, this Court does not have subject matter jurisdiction based on a federal question or supplemental jurisdiction.

The Court will dismiss Embry's claim against Baird for lack of subject matter jurisdiction.

2. Buddy Stump

Stump moves to dismiss Embry's claims against him for failure to state a claim for which relief can be granted. Embry alleges his grounds for filing a complaint against Stump include "Threats, Fabricated Charges, Extortion, Aiding & Abetting, Harassing Communications, Felony Trespassing on Private Property with Intent to Kill, No Due Cause Three Separate Accounts False Charges, False Arrest, False Imprisonment, False Search & Seizure." Compl. 1.

Embry's complaint does not contain any factual allegations against Stump. Embry only includes the above legal conclusions against Stump in his complaint. This is insufficient to properly state a claim for relief.

The Court will dismiss Embry's claims against Stump for failure to state a claim.

3. <u>Kenneth S. Jones</u>

Jones moves to dismiss Embry's claims against him for failure to state a claim for which relief can be granted. Embry alleges his grounds for filing a complaint against Jones for malicious prosecution include "False Charge Continued to Trial." Compl. 1.

Embry's complaint does not contain any factual allegations against Jones. Embry only includes the above legal conclusions against Jones in his complaint. This is insufficient to properly state a claim for relief.

The Court will dismiss Embry's claims against Jones for failure to state a claim.

## ORDER

Accordingly, and the Court being sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

- the Court **GRANTS** Defendant J. Clark Baird's Rule motion to dismiss for lack of subject matter jurisdiction (DN 8);

- the Court **GRANTS** Defendant Buddy Stump's motion to dismiss for failure to state a claim (DN 13); and

- the Court **GRANTS** Defendant Kenneth S. Jones' motion to dismiss for failure to state a claim (DN 14).

**IT IS SO ORDERED.**

March 4, 2016

Charles R. Simpson III, Senior Judge
United States District Court