UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KEVIN MACK EMBRY, SR.                                                                             PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:15-cv-00628-CRS

RUTH ANN HOLLAN, et al.                                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff Kevin Mack Embry, Sr., alleged in his complaint a litany of claims against various defendants. This matter is now before the Court on Defendant Ruth Ann Hollan's motion to dismiss. The Court has already dismissed Embry's claims against all previous defendants in this matter. *See* March 7, 2016 Order, ECF No. 16.

Hollan moves to dismiss under Rule 12(b)(6) for failure to state a claim for which relief can be granted. Embry, *pro se*, has not opposed this motion. The Court will grant Hollan's motion.

## STANDARD

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a

1

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## DISCUSSION

Embry alleges his grounds for filing a complaint against Hollan include, "Malicious Prosecution by Ex-prosecutor Ruth Ann Hollan Terroristic Threatening to Kill me with gun in court." Compl. 1, ECF No. 1. Under his statement of the claim, Embry says:

> I was charged with fabricated false Felony & Misdemeanor charges as a vendetta by Ex-prosecutor Ruth Ann Hollan who threatened in court to blow my head off with her gun that she carries in her purse. Hollan violently expressed terroristic intent to end my life for false allegations of having her followed by two detectives. Hollan threatened that she's not a pushover like other women I've threatened with guns; witnessed by my defense Atty. John O'lash. Hollan has targeted me and has continually filed false criminal charges against me in order to harass and intimidate me through conspiracy threatening my death and not because I violated the law. Charges are dismissed with prejudice after many court appearances and threats to my life, thousands of dollars in defense attorneys for proof of innocence, liberty and pursuit of justice against my false accusers with priors for the same false arrest reports to law enforcement seeking extortion of my money and property.

*Id.* 2.

Embry's complaint lacks any factual allegations that would support his claims. For example, his complaint lacks any explanation as to the nature of the alleged fabricated charges. This is insufficient to properly state a claim for relief.

The Court will dismiss Embry's claims against Hollan for failure to state a claim.

## CONCLUSION

The Court will grant Hollan's motion to dismiss.

The Court will enter a separate order in accordance with this opinion.

**SO ORDERED.**  June 15, 2016



Charles R. Simpson III, Senior Judge
United States District Court